**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

DEBRA J. WILLIAMS,                              :
                                               :
              Plaintiff,                        :
                                               :
      VS.                                       :
                                               :     1 : 13-CV-126 (WLS)
CAROLYN COLVIN,                                 :
Acting Commissioner of Social Security,         :
                                               :
              Defendant.                        :
_____

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on July 24, 2013, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).    All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are

not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing

court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates

reversal."   *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

The Plaintiff protectively filed an application for disability benefits in April 2010, alleging disability

since April 10, 2009.   (T- 167).   Her claims were denied initially and upon reconsideration.   (T – 75-77,

83-86).    A hearing was held before an ALJ in August 2012.   (T- 43-71).   Thereafter, in a hearing

decision dated November 9, 2012, the ALJ determined that the Plaintiff was not disabled.   (T- 28-42).

The Appeals Council subsequently denied review and the ALJ's decision thereby became the final

decision of the Commissioner.   (T-1-6).

### Statement of Facts and Evidence

The Plaintiff was 55 years of age at the time of the ALJ's decision.   (T – 167).   Plaintiff alleges

disability since April 10, 2009, due to hearing loss.   (T – 167, 171).   Plaintiff completed a GED and

further training as a licensed practical nurse and commercial driver, and has past relevant work experience

as a nurse and over-the-road truck driver.   (T- 172-73).   As determined by the ALJ, Plaintiff suffers from

severe impairments in the form of "no hearing in [the] left ear and decreased hearing in [the] right ear."   (T

–33).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or

medically equaled a listed impairment, and remained capable of performing work at all exertional levels

with certain restrictions.   (T – 34).   The ALJ relied on the testimony of a Vocational Expert to determine

that although the Plaintiff could not return to her past relevant work, the Plaintiff remained capable of

performing other jobs that existed in significant numbers in the national economy and thus was not

disabled.   (T – 37-39).

## DISCUSSION

### Appeals Council: consideration of new evidence

The Plaintiff asserts that the Appeals Council did not consider relevant evidence submitted to it before issuing a final administrative decision.   Plaintiff asserts that she requested additional time to submit testing results to the Appeals Council on April 12, 2013, and that testing was performed and the results transmitted to the Appeals Council on May 22, 2013.   The Appeals Council issued its decision on May 20, 2013.   (T – 1-6).   Plaintiff asserts that the evidence contains support for her allegations of vertigo, lack of evidence of which was allegedly crucial to the ALJ's decision, and therefore should have been considered by the Appeals Council.

After the issuance of the Appeals Council's May 20, 2013 decision, Plaintiff submitted additional evidence in the form of a hearing report from Dr. C. Gerry Maitland.   (Doc. 11-1).   It is clear that the Appeals Council did not review the evidence of Plaintiff's hearing test results, as such evidence did not reach it prior to the issuance of its decision.   Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. _Cherry v. Heckler_, 760 F.2d 1186 (11th Cir. 1985).   In order to obtain a remand under Sentence Six, the Plaintiff must establish that:   1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level.   _Caulder v. Bowen_, 791 F.2d 872, 879 (11th Cir. 1986).

In his report dated May 8, 2013, issued six months after the ALJ's decision herein, Dr. Maitland reports that the Plaintiff is totally deaf in her left ear and partially deaf in her right ear, with "60% hearing" in the right ear, and that she suffers from tinnitus and recurrent episodes of vertigo.   (Doc.

3

11-1).   Plaintiff asserts that Dr. Maitland's findings establish that her hearing loss condition satisfies Listing 2.07 of the Listing of Impairments and therefore requires remand of this matter.

Although Dr. Maitland notes the Plaintiff's self-reported history of hearing loss and associated conditions, his examination results do not appear to relate back to the period under consideration by the ALJ and Appeals Council.   Dr. Maitland's findings do not provide any specific confirmation that Plaintiff's diagnoses related to the conditions or the time period under consideration by the ALJ. Plaintiff thus has not established that the new evidence presents a reasonable possibility of changing the administrative result, and therefore has failed to establish a sufficient basis for a Sentence Six remand based on the new evidence presented.   *Caulder*, 791 F.2d at 863 (in order to be material, new evidence must relate to the period on or before the date of the ALJ's decision); *Watts ex rel. A.W. v. Social Sec. Admin.*, 2012 WL 2358160 (N.D.Ala., June 15, 2012) (physician did not discuss plaintiff's condition as it existed during the relevant period under consideration, and therefore physician's post-ALJ decison report was not relevant and did not constitute a sufficient basis for remand under Sentence Six).

### Treating physician's opinion

The Plaintiff also argues that the ALJ erred in his consideration of the opinions of treating physician Dr. Lamar Brand, and that the new evidence provides support for Dr. Brand's conclusions regarding disability.   Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."   "A statement by a medical source that you are 'disabled' - or unable to work- does not mean that we will determine that you are disabled."   20 C.F.R. § 404.1527(e)(1).   Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence,

or where the evidence supported a contrary finding.   We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).   As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

"Absent 'good cause', an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight'. . . With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so."   *Winschel v. Comm'r of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

The ALJ herein considered the opinion of Dr. Brand, but assigned

> little weight to Dr. Brand's opinion, as it is not supported by the objective medical evidence or his own records.   Furthermore, his conclusions appear to be based on the claimant's subjective complaints, and unsupported by the objective findings.

T – 36.

The ALJ properly considered Dr. Brand's statements and assessments, as evidenced by the ALJ's decision, although the ALJ assigned only little weight to Dr. Brand's opinion of disability.   As the Plaintiff has failed to establish a sufficient basis for consideration of Dr. Maitland's May 2013 report, Plaintiff's argument that Dr. Maitland's findings provide support for the opinion of disability issued by treating physician Dr. Brand will not be considered herein.

***Conclusion***

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of §

405(g).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

　　　**SO RECOMMENDED**, this 9th day of June, 2014.

　　　　　　　　　　　　　　　　　　s/   *THOMAS Q. LANGSTAFF*
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

asb