IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DEBRA J. WILLIAMS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:13-CV-126 (WLS) |
| CAROLYN COLVIN, *Acting Commissioner of Social Security*, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Plaintiff Debra J. Williams timely filed an objection to United States Magistrate Judge Thomas Q. Langstaff's Recommendation to affirm the Social Security Commissioner's final decision pursuant to Sentence Four of 42 U.S.C. § 405(g). (*See* Docs. 13 & 14.) The Commissioner timely filed a response to the referenced objection. (Doc. 15.) For the reasons that follow, Williams' Objection (Doc. 14) is **OVERRULED** and Judge Langstaff's Recommendation (Doc. 13) is **ADOPTED.**

## DISCUSSION

On November 9, 2012, an Administrative Law Judge ("ALJ") for the Social Security Commission denied Williams benefits because her vertigo symptoms were not supported by medical evidence. (Doc. 10-2 at 34-35.) On May 20, 2013, the Social Security Appeals Council denied Williams' request for review of the ALJ's decision denying her benefits. (*Id.* at 2.) On May 22, 2013, Williams submitted additional evidence to the Appeals Council. (Doc. 11-1 at 2-3.) The evidence was a report by Dr. C. Gerry Maitland. (*Id.*) Dr. Maitland's report stated that, starting in the 1970's, Williams suffered from infrequent episodes of vertigo. (Doc. 11-1 at 4.) According to Dr. Maitland, the vertigo episodes became more frequent following a car accident involving Williams in 2008. (*Id.*) Dr. Maitland conducted a clinical examination and expressed his medical opinion that he believed Williams' allegation regarding the frequency of her vertigo spells. (*Id.* at 6.)

Under Sentence Six of § 405(g), this matter could be remanded to the Commissioner if Williams established that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citing *Wright v. Heckler*, 734 F.2d 696 (11th Cir. 1984)).  In his Recommendation, Judge Langstaff recommends that the Court find that a Sentence Six remand is inappropriate because Dr. Maitland's opinion does not "present[ ] a reasonable possibility of changing the administrative result." (Doc. 13 at 4.)  The Court agrees.

As noted by Judge Langstaff, "Dr. Maitland's findings do not provide any specific confirmation that Plaintiff's diagnoses related to . . . the time period under consideration by the ALJ." (*Id.*)  Though Dr. Maitland opined that Williams was suffering from frequent vertigo spells at the time of his clinical examination, he offered no opinion regarding Williams' symptoms at the time of the ALJ's review, which occurred six months before the examination. (*See* Doc. 11-1.)  Williams argues that Dr. Maitland's report, when considered in conjunction with Dr. Brand's opinion, is sufficient for a Sentence Six remand.  (Doc. 14 at 2.)  Dr. Brand's opinion, however, was not supported by medical evidence.  Instead, as noted by the ALJ, Dr. Brand's opinion was apparently based entirely on Williams' allegations of her own medical condition.  (*See* Docs. 10-2 at 37-38, 10-7 at 57.)  The ALJ's decision to afford Dr. Brand's opinion little weight is supported by substantial evidence.  (*See id.*)  As such, the Court finds that Dr. Maitland's opinion, even when considered in light of Dr. Brand's opinion, is insufficient to support a Sentence Six remand.  For those reasons, Williams' Objection to Judge Langstaff's Recommendation (Doc. 14) is **OVERRULED.**

Upon full review and consideration of the record, the Court finds that the referenced Recommendation (Doc. 13) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. It is hereby **ORDERED AND**

**ADJUDGED** that Williams shall take nothing by her Complaint (Doc. 1) and **JUDGMENT** shall be entered in favor of the Commissioner.

    **SO ORDERED**, this  13th  day of August 2014.

                      /s/ W. Louis Sands
                      **W. LOUIS SANDS, JUDGE**
                      **UNITED STATES DISTRICT COURT**